**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

*Counsel for Plaintiff and the Proposed Classes*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL RODRIGUEZ, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLEE BEE FOODS, LLC,<br><br>Defendant. | Case No.: **'17CV2447 MMA WVG**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S FALSE ADVERITSING LAW, CONSUMERS LEGAL REMEDIES ACT, & UNFAIR COMPETITION LAW; AND BREACH OF EXPRESS & IMPLIED WARRANTIES**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff MIGUEL RODRIGUEZ, on behalf of himself, all others similarly situated, and the general public, by and through his undersigned counsel, hereby brings this action against defendant Bumble Bee Foods, LLC ("Bumble Bee"), and alleges the following upon his own knowledge, or where he lacks personal knowledge, upon information and belief including the investigation of his counsel.

## INTRODUCTION

1. Bumble Bee is a well-known purveyor of canned fish, including a product called "Premium Select Medium Red Smoked Salmon Filets in Oil" (the "BB Medium Red Smoked Salmon").

2. Through various labeling statements and design elements, Bumble Bee falsely suggests that BB Medium Red Smoked Salmon is high-quality, wild-caught salmon, when it is actually low-quality, farm-raised Chilean salmon that has been colored. Bumble Bee also falsely and unlawfully represents that the product is smoked salmon, when it is actually unsmoked salmon to which smoke flavor has been added.

3. By making these false, misleading, and unlawful representations, Bumble Bee is able to charge a significant price premium compared to what it could charge for low-quality, colored, smoke-flavored, farm-raised salmon.

4. Plaintiff purchased the BB Medium Red Smoked Salmon believing he was purchasing high-quality, smoked wild-caught Alaskan salmon, and was injured as a result of Bumble Bee's misrepresentations because he received a product worth less than he paid.

5. Plaintiff brings this class action on behalf of himself, all others similarly situated, and the general public, to enjoin Bumble Bee's misleading practices, and to recover restitution and damages for the class.

## THE PARTIES

6. Plaintiff MIGUEL RODRIGUEZ is a resident of Chula Vista, California.

7. Bumble Bee Foods, LLC is a Delaware limited liability company with its principle place of business in San Diego, California.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, at least one member of the class of plaintiffs is a citizen of a State different from Defendant. In addition, more than two-thirds of the members of the class reside in states other than the state in which Defendant is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

9. The Court has personal jurisdiction over Defendant pursuant to Cal. Code Civ. P. § 410.10, as a result of Defendant's substantial, continuous and systematic contacts with the State, and because Defendant has purposely availed itself of the benefits and privileges of conducting business activities within the State.

10. Venue is proper in this Southern District of California pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant resides (*i.e.*, is subject to personal jurisdiction) in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

### I. CANNED SALMON

11. Salmon is a popular food fish around the world. Eating salmon, especially wild salmon, provides numerous health benefits, because the fish is high in protein, low in calories, and high in omega 3 fatty acids.

12. Wild salmon feed on krill, which gives them their distinctive red or pink color.

13. Farm-raised salmon, by contrast, naturally have a dull grey flesh. To make the fish appealing to consumers, colorants, typically canthaxanthin or astaxanthin, are added to farmed salmons' feed to mimic the desired color.

14. Wild salmon is considered of higher quality than farm-raised salmon. Therefore, consumers are willing to pay more, and the market places a premium on, wild-caught salmon products.

15. Salmon can be purchased canned. Although canned farm-raised salmon is available, most canned salmon is wild-caught. Popular types of canned salmon include wild sockeye salmon, Coho salmon, and pink salmon.

16. Sockeye has a vibrant, red-orange meat and deep rich flavor, and tends to be the most expensive type of canned salmon.

17. Wild Coho salmon has a slightly less firm flesh, and is less red and tangy than sockeye salmon. Wild Coho salmon are commonly referred to as "Medium Red," and are extensively commercially fished in Alaska, and the Pacific Northwest in general.

18. Most canned salmon is pink salmon, which is milder and has more delicate flesh than sockeye or Coho salmon, and is also less expensive.

## II. THE BB MEDIUM RED SMOKED SALMON

19. Bumble Bee was founded in 1899. Today, it is North America's largest branded shelf-stable seafood company, offering products under several lines, including its most popular Bumble Bee brand, which Bumble Bee touts as having "established significant consumer awareness and loyalty based on the quality, nutritional value, and affordability of its products."[1]

20. Bumble Bee's canned seafood products include tuna, salmon, sardines & mackerel, shrimp, clams, crab, and oysters. The BB Medium Red Smoked Salmon at issue in this case is one of approximately eight Bumble Bee brand salmon products available for sale.

21. The label of the BB Medium Red Smoked Salmon contains several representation and design elements which, when taken together, strongly suggest the product is wild Coho salmon, including:

   a. "Premium Quality";
   b. "Premium Select Medium Red"; and
   c. An image of a medium-red salmon jumping from water with snow-capped mountains and evergreen trees in background, which is evocative of Alaska.

---

[1] http://www.bumblebee.com/about-us



22. Bumble Bee uses nearly the exact same image on the label of several of its wild salmon products, including its Premium Wild Pink Salmon, Wild Alaska Red Salmon, and Wild Alaska Keta Salmon, pictured below (with only the shade of the jumping salmon differing).

  

23. These elements—the labeling of the product as "Premium" and "Medium Red," juxtaposed with an image of a medium-red wild Alaskan (or Pacific Northwestern) salmon—leads reasonable consumers to believe that the BB Medium Red Smoked Salmon is wild salmon.

24. This impression with which reasonable consumers are left, however, is false, because the BB Medium Red Smoked Salmon is not high-quality, wild-caught salmon, but low-quality, farm-raised salmon, which has been colored via feed to look like wild salmon.

25. In reality, the fish in the BB Medium Red Smoked Salmon is not wild Alaskan Coho salmon, but farm-raised Chilean Coho salmon (which is later canned in Thailand), also sometimes referred to as "Silverfish."

26. These "Silverfish" Chilean Coho salmon fishes are raised crowed in floating, open net-cage pens located in sheltered bays along Chile's coast, like those pictured below.



27. The farming of these fishes involves rearing hatchery-origin salmon from smolt to adult size in these types of cages, where the fishes are so crowded that they must be doused

5

*Rodriguez v. Bumble Bee Foods, LLC*
CLASS ACTION COMPLAINT

with high levels of antibiotics, vaccines, and fungicides to help avoid the spread of disease. Moreover, due to their crowding (like in the picture below), the fish feed on, in addition to artificially-colored feed, the feces of other salmon in the cage. The conditions for farming these salmon result in a fish with less nutritional value than true, wild-caught Coho salmon.



28. Moreover, farm-raised "Silverfish" Chilean Coho salmon have a very different outward appearance than wild Coho salmon. In the photo below, the top fish is the color of wild Coho salmon in its ocean form, the middle is the color of a male wild Coho salmon near the Pacific Northwest coast, and the bottom is the color of a female wild Coho salmon near the Pacific Northwest coast.



29. As with its flesh, however, farm-raised Chilean Coho "Silverfish" salmon never takes on a reddish hue in its scales, but instead appear as in the photo below.



30. Accordingly, the impression that the BB Medium Red Smoked Salmon's packaging conveys—that the product is wild-caught salmon—is false.

31. Bumble Bee's misrepresentation, moreover, appears intentional. For certain types of canned seafood products for which there may not be a premium on their wild origin, Bumble Bee discloses that the food is farm-raised. This includes, for example, its Fancy Smoked Oysters and Skinless Boneless Smoked Trout, pictured below.





32. For BB Medium Red Smoked Salmon, by contrast, Bumble Bee deceptively omits that the product is farm-raised.



33. In addition to falsely implying that the BB Medium Red Smoked Salmon is high-quality, wild-caught salmon, Bumble Bee misrepresents that the product is "Smoked Salmon."

34. Until very approximately the end of October 2017, Bumble Bee's website reinforced this message, stating that "these Coho fillets of salmon are lightly smoked and ready to serve," a pictured below.[2]



35. In reality, the fish in the BB Medium Red Smoked Salmon has not undergone any actual smoking process. Rather, just as color is added to the fishes' food to mimic the flesh of wild salmon, smoke flavor is added to the salmon to mimic the taste of actual smoking. Accordingly, Bumble Bee's representation that the product is "Smoked Salmon" is false.

36. Bumble Bee's "Smoked Salmon" labeling statement is also unlawful, since under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* ("FDCA"), and

---

[2] http://www.bumblebee.com/products/salmon/bumble-bee-smoked-salmon-fillets-in-oil

9

the California Sherman Food, Drug, and Cosmetic Law, Cal. Bus. & Prof. Code §§ 109875 *et seq.* ("Sherman Law"), "[n]o representation may be made, either directly or implied, that a food flavored with pyroligneous acid or other artificial smoke flavor has been smoked or has a true smoked flavor . . . ." 21 C.F.R. § 101.22(h)(6); *see also* Cal. Bus. & Prof. Code § 110100(a) ("All food labeling regulations and any amendments to those regulations adopted pursuant to the [FDCA], in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state.").

37. Pyroligneous acid is a substance, sometimes called wood vinegar or wood acid, produced by the destructive distillation of wood or other plant materials. Once obtained, usually from the condensation of wood smoke produced by smoldering wood chips or sawdust under limited oxygen, commercial full-strength liquid smokes are commonly fractionated, purified and concentrated to yield aqueous, oil, or dry powder products.

38. The smoke flavor used in the BB Medium Red Smoked Salmon contains pyroligneous acids, or wood distillates, and thus, pursuant to 21 C.F.R. § 101.22(h)(6), Bumble Bee may not lawfully represent that the product is "Smoked Salmon."

39. Bumble Bee further violates § 101.22(h)(6) because its ingredient list identifies its smoke flavor ingredient merely as "SMOKE FLAVOR," while the regulation requires Bumble Bee to identify the ingredient as either "ARTIFICIAL FLAVOR," or "ARTIFICIAL SMOKE FLAVOR."

40. Bumble Bee's violation of 21 C.F.R. § 101.22(h)(6) renders the BB Medium Red Smoked Salmon misbranded under California and federal law.

41. The BB Medium Red Smoked Salmon is further misbranded because its labeling is "false or misleading" in several "particular[s]," in violation of 21 U.S.C. § 343(a).

42. The BB Medium Red Smoked Salmon is further misbranded because, through the product's packaging, Bumble Bee "fail[ed] to reveal facts that are material in light of other representations made or suggested by the statement, word, design, device, or any combination thereof," in violation of 21 C.F.R. § 1.21(a)(1). Specifically, Bumble Bee

deceptively and unlawfully omitted that the BB Medium Red Smoked Salmon is (a) farm-raised salmon, (b) colored, and (c) smoke flavored, rather than actually smoked.

### III. PLAINTIFF'S PURCHASE, RELIANCE, AND INJURY

43. Plaintiff Miguel Rodriguez purchased the BB Medium Red Smoked Salmon in September 2017, from the Wal-Mart located at 875 East H. Street, in Chula Vista, California.

44. Plaintiff purchased the BB Medium Red Smoked Salmon believing, based on its label, and specifically the claims and design elements discussed herein, that it was high-quality, wild-caught, smoked Alaskan salmon. When purchasing the BB Medium Red Smoked Salmon, plaintiff was seeking smoked, wild-caught salmon, and thus relied on these labeling statements and design elements in deciding to purchase the product.

45. Plaintiff would not have purchased the BB Medium Red Smoked Salmon at the price he paid, and may not have purchased the product at all, absent Bumble Bee's false, misleading, and unlawful labeling.

46. The BB Medium Red Smoked Salmon cost more than similar products without misleading labeling, and would have cost less absent the misleading express and implied claims that the product is wild-caught, smoked salmon.

47. If Bumble Bee were enjoined from making the misleading claims, the market demand and price for the BB Medium Red Smoked Salmon would drop, as it has been artificially and fraudulently inflated due to Bumble Bee's use of false and unlawful labeling.

48. For these reasons, the BB Medium Red Smoked Salmon was worth less than what plaintiff paid for it.

49. Instead of receiving high-quality, wild-caught, smoked salmon, plaintiff received low-quality, farm-raised, colored, smoke-flavored salmon.

50. Plaintiff lost money as a result of Bumble Bee's deceptive claims and unfair practices in that he did not receive what he paid for when purchasing the BB Medium Red Smoked Salmon.

51. Plaintiff detrimentally altered his position and suffered damages in an amount equal to what he paid for the product.

52. Plaintiff purchased and eats fish, including canned fish, on a regular basis. Plaintiff likes and is interested in purchasing wild-caught, smoked salmon. Plaintiff frequently shops at Wal-Mart and would purchase canned smoked salmon products from Bumble Bee in the future if he could be assured through prospective injunctive relief of the veracity of any express or implied statements that such a product is wild-caught or smoked.

## CLASS ACTION ALLEGATIONS

53. Pursuant to Fed. R. Civ. P. 23, plaintiff seeks to represent a class of all persons in the United States who, at any time from November 6, 2013 to the time a class is notified, purchased Bumble Bee Premium Select Medium Red Smoked Salmon Filets in Oil for their own personal, family, or household use and not for resale.

54. Plaintiff nevertheless reserves the right to divide into subclasses, expand, narrow, more precisely define, or otherwise modify the class definition prior to (or as part of) filing a motion for class certification.

55. The members in the proposed class and subclass are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all class members in a single action will provide substantial benefits to the parties and Court. Fed. R. Civ. P. 23(a)(1).

56. Questions of law and fact common to plaintiffs and the class, Fed. R. Civ. P. 23(a)(2), include, without limitation:

    a. Whether the packaging of the BB Medium Red Smoked Salmon conveys a message that the product is wild-caught salmon;

    b. Whether the BB Medium Red Smoked Salmon is wild-caught salmon;

    c. Whether the packaging of the BB Medium Red Smoked Salmon conveys a message that the product is salmon that has undergone an actual smoking process;

    d. Whether salmon in the BB Medium Red Smoked Salmon has in fact undergone an actual smoking process;

    e. Whether Bumble Bee's statements and labeling design elements for BB Medium Red Smoked Salmon are likely to mislead a reasonable consumer into

believing the product is wild-caught salmon, or salmon that has undergone an actual smoking process;

    f.    Whether Bumble Bee made false or misleading statements intentionally or knowingly;

    g.    Whether Bumble Bee deceptively omitted material information;

    h.    Whether Bumble Bee made any statement it knew or should have known was false or misleading;

    i.    Whether Bumble Bee's omissions were knowing or intentional;

    j.    Whether Bumble Bee's conduct or any of its acts or practices violated the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, the Federal Food, Drug, and Cosmetic Act, 28 U.S.C. §§ 301 *et seq.*, and its implementing regulations, 21 C.F.R. §§ 101 *et seq.*, the California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 109875, *et seq.*, or any other regulation, statute, or law;

    k.    Whether Bumble Bee's policies, acts, and practices with respect to the BB Medium Red Smoked Salmon were designed to, and did result in the purchase and use of the products by the class members primarily for personal, family, or household purposes

    l.    Whether Bumble Bee represented that the BB Medium Red Smoked Salmon has characteristics, uses, or benefits which it does not have, within the meaning of Cal. Civ. Code § 1770(a)(5);

    m.    Whether Post represented that the BB Medium Red Smoked Salmon is of a particular standard, quality, or grade, when it is really of another, within the meaning of Cal. Civ. Code § 1770(a)(7);

    n.    Whether Bumble Bee advertised the BB Medium Red Smoked Salmon with the intent not to sell it as advertised, within the meaning of Cal. Civ. Code § 1770(a)(9);

   o. Whether Bumble Bee represented that the BB Medium Red Smoked Salmon has been supplied in accordance with previous representations when it has not, within the meaning of Cal. Civ. Code § 1770(a)(16);

   p. Whether through the challenged labels and advertising, Bumble Bee made affirmations of fact or promises, or descriptions of the goods;

   q. Whether Bumble Bee's affirmations of fact or promises, or descriptions of the goods became part of the basis of the bargain for the class's purchases;

   r. Whether Bumble Bee failed to provide the goods in conformation with its affirmations of fact, promises, and descriptions of the goods;

   s. The proper equitable and injunctive relief;

   t. The proper amount of restitution or disgorgement; and

   u. The proper amount of reasonable litigation expenses and attorneys' fees.

57. Plaintiff's claims are typical of class members' claims in that they are based on the same underlying facts, events, and circumstances relating to Bumble Bee's conduct. Fed. R. Civ. P. 23(a)(3).

58. Plaintiff will fairly and adequately represent and protect the interests of the class, has no interests incompatible with the interests of the class, and has retained counsel competent and experienced in class action, consumer protection, and false advertising litigation, including within the food industry.

59. Class treatment is superior to other options for resolution of the controversy because the relief sought for each class member is small such that, absent representative litigation, it would be infeasible for class members to redress the wrongs done to them.

60. Questions of law and fact common to the class predominate over any questions affecting only individual class members.

61. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), and may be appropriate for certification "with respect to particular issues" under Rule 23(b)(4).

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING LAW, CAL. BUS. & PROF. CODE §§ 17500 *ET SEQ.*

62. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

63. The FAL prohibits any statement in connection with the sale of goods "which is untrue or misleading," Cal. Bus. & Prof. Code § 17500.

64. Bumble Bee's statements and labeling design suggesting the product is wild-caught salmon, and statement that the product is "Smoked Salmon," are untrue and misleading.

65. Bumble Bee knew, or reasonably should have known, that the labeling was untrue or misleading.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750 *ET SEQ.*

66. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

67. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

68. Bumble Bee's policies, acts, and practices were designed to, and did, result in the purchase and use of the products primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the CLRA:

    a.   § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

    b.   § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

   c. § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

   d. § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

69. In compliance with Cal. Civ. Code § 1782, on September 25, 2017, plaintiff sent written notice to Bumble Bee of his claims and demanded that Bumble Bee take certain actions to repair, replace, or otherwise rectify the goods that are in violation of § 1770, but Bumble Bee failed, after 30 days, to give an appropriate correction, repair, replacement or other remedy, or to offer to do so within a reasonable time. Accordingly, plaintiff, on behalf of himself and the class, seeks injunctive relief, restitution, statutory damages, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

70. In compliance with Cal. Civ. Code § 1782(d), an affidavit of venue is filed concurrently herewith.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*

71. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

72. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice," Cal. Bus. & Prof. Code § 17200.

### Fraudulent

73. For the reasons discussed herein, Bumble Bee's labeling of the BB Medium Red Smoked Salmon is likely to deceive reasonable consumers.

### Unlawful

74. The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

   a. The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*;

   b. The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; and

c. The Federal Food, Drug, and Cosmetic Act, 28 U.S.C. §§ 301 *et seq.*, and its implementing regulations, 21 C.F.R. §§ 101 *et seq.*; and

75. The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 109875, *et seq.*

## FOURTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY, CAL. COM. CODE § 2313(1)

76. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

77. Through the label of the BB Medium Red Smoked Salmon, Bumble Bee made an affirmations of fact and promises, and made a description of goods, that formed part of the basis of the bargain, in that plaintiffs and the class purchased the products in reasonable reliance on that statement. Cal. Com. Code § 2313(1).

78. Specifically, Bumble Bee warranted that the product was "Smoked Salmon."

79. Bumble Bee breached its express warranty by selling BB Medium Red Smoked Salmon that was not smoked salmon, but rather unsmoked salmon with smoke flavor added.

80. That breach actually and proximately caused injury in the form of the lost purchase price that plaintiff and class members paid for the BB Medium Red Smoked Salmon.

81. Plaintiff gave Bumble Bee notice of the breach before filing or asserting the claims, but Bumble Bee failed to remedy the breach.

## FIFTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY, CAL. COM. CODE § 2314

82. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

83. Bumble Bee, through its acts and omissions set forth herein, in the sale, marketing and promotion of the BB Medium Red Smoked Salmon, made representations to

plaintiff and the class that the product is wild-caught salmon, and that the product is salmon that has undergone an actual smoking process.

84. Bumble Bee is a merchant with respect to the goods of this kind which were sold to plaintiffs and the class and there was, in the sale to plaintiffs and other consumers, in implied warranty that those goods were merchantable.

85. Bumble Bee breached that implied warranty in that, as set forth in detail herein, the BB Medium Red Smoked Salmon is neither wild-caught, nor actually smoked.

86. Plaintiff gave Bumble Bee notice of the breach before filing or asserting the claims, but Bumble Bee failed to remedy the breach.

## **PRAYER FOR RELIEF**

87. Wherefore, plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for judgment against Bumble Bee as to each and every cause of action, and the following remedies:

    a. An Order certifying this as a class action, appointing plaintiff and his counsel to represent the class, and requiring Bumble Bee to pay the cost of class notice;

    b. An Order enjoining Bumble Bee from labeling, advertising, or packaging the BB Medium Red Smoked Salmon identified herein in any manner that suggests the product is wild-caught salmon, or smoked salmon;

    c. An Order compelling Bumble Bee to conduct a corrective advertising campaign to inform the public that the BB Medium Red Smoked Salmon was deceptively marketed;

    d. An Order requiring Bumble Bee to pay restitution to restore funds that may have been acquired by means of any act or practice declared by this Court to be an unlawful or fraudulent business act or practice, untrue or misleading advertising, or a violation of the UCL, FAL, or CLRA;

    e. An Order requiring Bumble Bee to pay all statutory, compensatory, and punitive damages permitted under the causes of action alleged herein;

   f. An Order requiring Bumble Bee to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

   g. Pre- and post-judgment interest;

   h. Costs, expenses, and reasonable attorneys' fees; and

   i. Any other and further relief the Court deems necessary, just, or proper.

## JURY DEMAND

88. Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 6, 2017  /s/ Jack Fitzgerald

           **THE LAW OFFICE OF JACK FITZGERALD, PC**
           JACK FITZGERALD
           *jack@jackfitzgeraldlaw.com*
           TREVOR M. FLYNN
           *trevor@jackfitzgeraldlaw.com*
           MELANIE PERSINGER
           *melanie@jackfitzgeraldlaw.com*
           Hillcrest Professional Building
           3636 Fourth Avenue, Suite 202
           San Diego, California 92103
           Phone: (619) 692-3840
           Fax: (619) 362-9555

           *Counsel for Plaintiff and the Class*