# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RODRIGUEZ, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br>v.<br>BUMBLE BEE FOODS, LLC,<br><br>Defendant. | Case No.: 17cv2447-MMA (WVG)<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Doc. No. 13] |

The parties in this action have reached a settlement agreement, which, if approved, would resolve this putative class action. Plaintiff Miguel Rodriquez ("Plaintiff") has filed a motion for Preliminary Approval of Class Action Settlement[1] pursuant to Federal Rule of Civil Procedure 23(e). *See* Doc. No. 13. Plaintiff requests the Court preliminarily approve the Settlement Agreement, conditionally certify the proposed class pursuant to Federal Rule of Civil Procedure 23(b)(2), appoint Miguel Rodriguez as the

---

[1] The Court notes that Plaintiff filed this motion as a "Motion for Approval of Class Action Settlement," seeking to consolidate the two-step settlement approval process, involving preliminary approval and a final approval hearing, into one motion and hearing. *See* Doc. No. 13-1 at 1 n.2. The Court, however, finds that the two-step process is appropriate in this case and construes the instant motion as one for preliminary approval of class action settlement.

Class Representative, appoint Plaintiff's counsel as Class Counsel, and schedule a Final Fairness Hearing. Defendant Bumble Bee Foods, LLC ("Bumble Bee") does not oppose Plaintiff's motion. *See* Doc. No. 14. Having reviewed the parties' submissions, the Court **GRANTS** Plaintiff's motion and **ORDERS** as follows:

1. For purposes of this Order, the Court incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein have the same meaning as set forth in the Settlement Agreement. *See* Doc. No. 13-2 ("Decl. of Jack Fitzgerald"), Exh. 1.

2. The Court preliminarily approves the proposed Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") and finds that it appears to be proper, to fall within the range of reasonableness, to be the product of arm's-length and non-collusive negotiations by capable and experienced counsel with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the assistance of the assigned magistrate judge.

3. The Court hereby conditionally certifies the proposed Class contained in the Settlement, defined as:

> All persons who, between December 6, 2013, and the date a judgment becomes Final in this Action, purchased, for household use, and not for resale or distribution purposes, Bumble Bee's Medium Red Smoked Salmon.

4. The Court conditionally finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the Class meets the requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(2), including that:

    (i) the Settlement Class Members are so numerous as to make joinder of them impracticable;

    (ii) there are questions of law and fact common to the Class;

    (iii) the Class Representative's claims and the defenses asserted thereto are typical of the claims of Class Members and the defenses asserted

thereto;

 (iv) the Class Representative and Class Counsel have fairly and adequately protected the interests of the Class Members throughout this Action; and

 (v) preliminary certification of the Class under Rule 23(b)(2) is appropriate because:

  (a) California law provides for injunctive relief, and Plaintiff seeks such relief in his Complaint; and

  (b) the injunctive relief sought applies generally to the Class, as Plaintiffs seeks an order requiring Bumble Bee to make changes to its product packaging, which redresses the class-wide injury of misleading packaging.

5. The Class is preliminarily certified for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). If the Court does not finally approve the Settlement, Bumble Bee retains the right to assert that this action may not be certified as a class action, and no party shall rely on this preliminary approval as support for the certification of a class in this or any other action.

6. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court provisionally finds The Law Office of Jack Fitzgerald, PC to be sufficiently experienced and proficient in class action proceedings that they may act as Class Counsel and are, therefore, appointed as such.

7. The Court provisionally appoints Plaintiff Miguel Rodriguez as the Class Representative.

8. The Court, in its discretion, finds that notice to the Class Members of the Settlement is not necessary because the Settlement does not alter the unnamed class members' legal rights. Specifically, the unnamed class members are not giving up any claims for damages or personal injury; the released claims are limited to past claims for injunctive relief only. The Class Representative, by virtue of his agreement to voluntarily

dismiss his claims with prejudice following final approval, is the only Class Member to release all of his claims. *See Kline v. Dymatize Enters., LLC*, No. 15-CV-2348-AJB-RBB, 2016 WL 6026330, at *6 (S.D. Cal. Oct. 13, 2016) (stating "the Court finds that notice to the class of the settlement is not necessary because under the settlement, Plaintiffs and the class release only those claims they may have for injunctive relief— relief they will receive through the settlement—but not claims for statutory damages or other monetary awards."); *Bee, Denning, Inc. v. Capital Alliance Grp.*, No. 13-CV-2654-BAS-WVG, 2016 WL 3952153, at *9 (S.D. Cal. July 21, 2016) (noting that "[b]ecause the relief requested in a (b)(2) class is prophylactic, enures to the benefit of each class member, and is based on accused conduct that applies uniformly to the class, notice to absent class members and an opportunity to opt out of the class is not required."); *Lilly v. Jamba Juice Co.*, No. 13-CV-2998-JST, 2015 WL 1248027, at *8-9 (N.D. Cal. Mar. 18, 2015) (concluding that class notice of the settlement was not necessary because "even if notified of the settlement, the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of class members").

9. Although the Court determines that notice to Class Members is not necessary, the Class Action Fairness Act ("CAFA") requires that notice be given to state and federal authorities. 28 U.S.C. § 1715. As such, Bumble Bee shall, if it has not already done so, within 10 days of today's date, provide notice to the California Office of the Attorney General and any other state attorney general where Class Members reside of this Class Action Settlement in accordance with CAFA.

10. Plaintiff must file his Notice of Motion for Final Approval and Memorandum of Points and Authorities in Support of Motion for Final Approval on or before **March 26, 2018**.

11. Class Counsel must file its application for fees, costs and litigation expenses, and a class representative incentive award on or before **March 26, 2018**.

///

12. Pursuant to Federal Rule of Civil Procedure 23(e), the Final Approval Hearing will be held before the undersigned, Hon. Michael M. Anello, on **Monday, April 23, 2018, at 2:30 p.m.** in Courtroom 3D at 221 West Broadway, San Diego, California 92101, to consider the fairness, adequacy, and reasonableness of the proposed Settlement preliminarily approved by this Order of Preliminary Approval, and to consider the application of Class Counsel for an award of reasonable attorneys' fees, litigation expenses, and a class representative incentive award. Accordingly, the Court **VACATES** the previously scheduled March 12, 2018 hearing.

**IT IS SO ORDERED.**

Dated: March 1, 2018

HON. MICHAEL M. ANELLO
United States District Judge