Patrick S. Thompson, Bar No. 160804
PatrickThompson@perkinscoie.com
Donna M. Strain, Bar No. 305599
DStrain@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant
Bumble Bee Foods, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RODRIGUEZ, et al.,<br><br>             Plaintiff,<br><br>       v.<br><br>BUMBLE BEE FOODS, LLC,<br><br>             Defendant. | Case No. 17-CV-2447-MMA-WVG<br><br>DEFENDANT BUMBLE BEE FOODS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD |

Defendant Bumble Bee Foods, LLC ("Bumble Bee") hereby responds to Plaintiff's Motion for Attorney's Fees, Costs and Incentive Award.

## I. PRELIMINARY STATEMENT

This action arises out of plaintiff's allegations that certain statements on Bumble Bee's labels violated the California Consumers Legal Remedies Act (the "CLRA"). The CLRA allows putative plaintiffs to seek corrective action before filing a lawsuit, and before incurring substantial attorney's fees. Bumble Bee responded favorably to the request by Plaintiff's counsel, agreed to certain corrective measures, and resolved this litigation shortly after the filing of the complaint and before the parties expended resources on motion practice or discovery. Because the litigation settled at such an early stage, Plaintiff's counsel did not bear any undue risk justifying a multiplier. And, the class representative did not produce documents, sit for a deposition, or appear at trial. Thus, the time expended by Rodriguez does not justify an incentive award that is multiple times the norm in this jurisdiction.

Per the settlement agreement, Bumble Bee agreed not to argue that the Court should award less than $30,000 in attorney's fees, costs and an incentive payment. Consistent with that commitment, Bumble Bee does not challenge an award of the lodestar amounts for attorney's fees ($37,251) or the costs incurred ($933). Bumble Bee submits that the Court should limit the incentive award to $1,500.

## II. THE COURT SHOULD LIMIT THE ATTORNEY'S FEE AWARD TO THE LODESTAR WITHOUT ANY MULTIPLIER

Plaintiff has submitted an attorney's fee request predicated on a lodestar of $37,251. In this District, courts have found the lodestar to be an appropriate measure of an attorney's fee award in a consumer class action settlement. *See, e.g., Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 974 (S.D. Cal. 2014) (awarding class counsel lodestar amount with no multiplier in class action settlement providing for only injunctive relief by "modifying the labeling of and packaging" for products).

Dissatisfied with the total fees available under this standard metric, Plaintiff seeks to enhance the fee award by applying a multiplier. Multiplying the lodestar for the purpose of maximizing an attorney's fee award is inappropriate in this case. *See id.* at 983-84.

In *Carr*, the parties entered into an injunctive only settlement of claims arising under the CLRA and other consumer protection laws. The parties also agreed to a cap on any potential attorney's fee award. In its fee application, plaintiff requested application of a "very small multiplier" multiplier to maximize the fee award. The court rejected the request. *Id.* at 984. That outcome is consistent with other courts that have declined to apply any multiplier. *See, e.g., Asghari v. Volkswagen Grp. of Am., Inc.*, No. CV-13-02529, 2015 WL 12732462, at *51 (C.D. Cal. May 29, 2015) (declining to apply a multiplier to the lodestar and rejecting arguments that counsel would be discouraged from early resolutions if multipliers were not applied, and that the multiplier is appropriate because the settlement agreement provides for the higher fee award); *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 281 F. Supp. 3d 833, 857 (N.D. Cal. 2017) (finding lodestar appropriate without multiplier).

Plaintiff cannot justify any multiplier given the factual and procedural circumstances present here for the following reasons. First, the CLRA is a corrective statute that is designed to allow for prompt action and to avoid incurring substantial attorney's fees and costs. Second, Plaintiff did not assume any undue risk or expense given that the parties promptly sought and resolved the dispute at an early neutral evaluation. They resolved the dispute through informal information exchanges, avoiding the cost and time of extensive, formal fact discovery and motion practice. Third, the approval process was efficient and uncontested.

Plaintiff improperly seeks to maximize its fee recovery, taking advantage of the range of possible fees in the settlement agreement. *See* Pl.'s Mot. for Final Approval at 11, n. 7 ("If the Court reduces Class Counsel's requested costs, Class

Counsel respectfully requests the Court simply increase the fee award correspondingly, so that the total amount award in any event is $80,000."). The Court should reject that request and limit Plaintiff's recovery to the fees and costs incurred. For purposes of this motion, and consistent with the settlement agreement, Bumble Bee does not challenge the reasonableness of the amounts presented in the lodestar.

### III. THE COURT SHOULD LIMIT THE INCENTIVE AWARD TO $1,500

Plaintiff seeks an incentive payment of $5,000. That amount is excessive under the circumstances. In *Carr*, a case with similar substantive claims and procedural posture, the Court awarded $1,500. 51 F. Supp. 3d at 974. That amount was reasonable in light of the minimal risk, limited personal difficulties, and limited time committed to the action. *See id.* Although Plaintiff attended the early neutral evaluation, he did not undertake any duties typical of a named plaintiff that would justify a higher award: He was not deposed; he did not produce any documents; he did not submit declarations in support of motions for class certification; he did not respond to written discovery; he did not appear as a witness at trial. Even though Plaintiff waived his damages claim, any actual damages would have been nominal (given the cost of the product at issue). Thus, the Court should limit any incentive award to $1,500.

### IV. CONCLUSION

For the foregoing reasons, the Court should limit any award of attorney's fees to the lodestar of $37, 251, the costs to actual costs of $933, and plaintiff's incentive award to $1,500.

DATED: April 6, 2018

PERKINS COIE LLP

By: *[signature]*
Patrick S. Thompson
Donna M. Strain

Attorneys for Defendant
Bumble Bee Foods, LLC